UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALAMCO,<br><br>        Plaintiff and<br>        Counterclaim Defendant,<br><br>   v.<br><br>J.R. SIMPLOT COMPANY,<br><br>        Defendant and<br>        Counterclaimant. | Case No. 2:21-cv-01201-KJM-CSK<br><br>DISCOVERY ORDER RE: SIMPLOT'S REQUESTS FOR PRODUCTION<br><br>(ECF No. 111) |

     An informal telephonic discovery conference was held on May 21, 2024 at 9:00 a.m. regarding Defendant-Counterclaimant J.R. Simplot Company's Requests for Production (RFP) Numbers 6, 10, 46, and 47 to Plaintiff-Counterclaim Defendant Calamco. 5/14/2024 Joint Letter re Discovery Dispute (ECF No. 111).[1] Simplot seeks to compel Calamco to produce two legal memoranda in response to Simplot's RFP Nos. 6, 10, 46, and 47. Jonathan Eldredge appeared on behalf of Calamco, and Shane Smith appeared on behalf of Simplot. After the discovery conference, the Court ordered Calamco to address whether the two legal memoranda at issue in the discovery dispute

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(1).

1

were included in Calamco's privilege log and to submit a copy of its privilege log to the Court. (ECF No. 115.) Based on the information submitted and argument presented, the Court issues the following order.

**A. Simplot RFP Nos. 6, 10, 46, and 47**

Simplot served the RFPs at issue (Nos. 6, 10, 46, and 47) on Calamco, and Calamco responded as follows:

> SIMPLOT REQUEST FOR PRODUCTION NO. 6:  All DOCUMENTS and COMMUNICATIONS related to legal opinions provided to CALAMCO on the question of whether patronage could be, should be, or was paid on CALAMCO shareholder's purchases of SIMPLOT UAN 32, including opinions of counsel or other legal memoranda and opinions on which CALAMCO relied in ending patronage payments for purchases of SIMPLOT UAN 32.
>
> CALAMCO RESPONSE TO REQUEST FOR PRODUCTION NO. 6:  CALAMCO objects that the request is vague, overbroad and seeks irrelevant information. CALAMCO further objects that the request seeks information protected by the attorney-client and/or attorney work product privileges.
>
> SIMPLOT REQUEST FOR PRODUCTION NO. 10: All DOCUMENTS and COMMUNICATIONS related to legal opinions provided to CALAMCO on the question of whether patronage could be, should be, or was paid on CALAMCO shareholder's purchases of NON-SIMPLOT UAN 32, including opinions of counsel or other legal memorandum and opinions.
>
> CALAMCO RESPONSE TO REQUEST FOR PRODUCTION NO. 10:  CALAMCO objects that the request is vague, overbroad and seeks irrelevant information. CALAMCO further objects that the request seeks information protected by the attorney-client and/or attorney work product privileges.
>
> SIMPLOT REQUEST FOR PRODUCTION NO. 46: The November 17, 2021 Memorandum from Jim Morris to Dan Stone, which was previously provided to Steven Ducommun on or about December 10, 2021.

CALAMCO RESPONSE TO REQUEST FOR PRODUCTION NO. 46: CALAMCO objects to producing a document already produced to Simplot.

SIMPLOT REQUEST FOR PRODUCTION NO. 47: The letter from Ray Carlson at Lyman Griswald to Dan Stone, which was previously provided to Steven Ducommun on or about December 10, 2021.

CALAMCO RESPONSE TO REQUEST FOR PRODUCTION NO. 47: CALAMCO objects to producing a document already produced to Simplot.

(*See* Attachment 1.)

After meet and confer efforts to resolve the dispute failed, the parties submitted their discovery dispute to the Court and an informal discovery teleconference was held. (5/14/2024 Joint Letter re Discovery Dispute; *see also* 4/30/2024 Joint Letter re Discovery Dispute (ECF No. 108).)

**B.  Discussion**

The parties clarified during the telephonic conference that the discovery dispute is over two Calamco legal memoranda that were prepared by Calamco counsel for Calamco in advance of a December 2021 Calamco board of directors' meeting. Critically, both legal memoranda post-date the state court writ and post-date Calamco's production in response to the writ.[2] The parties' state court writ proceedings are described in detail in the district court's October 12, 2022 order denying Calamco's motion to remand and motion to disqualify Perkins Coie. (ECF No. 60.) This order also describes the complicated relationship between the parties and their counsel. (*See id*.)

---

[2]  Therefore, the parties' agreement that all discovery from the state court writ proceeding may be used in this federal court case (*see* 8/8/2023 Joint Report on Proposed Discovery Plan at 5 (ECF No. 99)), does not apply here.

3

On their face, Simplot RFP Nos. 6 and 10 seek documents that are protected by the attorney-client privilege and attorney work product privilege because the requests explicitly seek legal opinions of Calamco counsel provided to Calamco. RFP Nos. 46 and 47 request two specific documents from Calamco counsel to Calamco CEO, facially seeking documents protected by the attorney-client privilege. Calamco does not dispute that these two legal memoranda are responsive to Simplot RFP Nos. 6, 10, 46, and 47, and instead asserts that the legal memoranda are not subject to disclosure based on the attorney-client and attorney work product privileges, and that any prior disclosure was not an intentional waiver of the privilege. Simplot argues that Calamco waived its privilege when Calamco counsel provided these legal memoranda to Simplot's counsel and to Calamco Class B Directors.

1. <u>Whether Calamco Waived by Providing Memoranda to Simplot Counsel</u>

While it is undisputed that Calamco counsel did provide these legal memoranda to Simplot counsel, that does not resolve the issue. Simplot counsel does not only represent Simplot; it also represented Cal Ida (a Simplot subsidiary and shareholder of Calamco) and Calamco's Class B Directors (selected by Cal Ida and also Simplot executives). (*See* 10/12/2022 Order.) After receipt, Simplot's counsel properly returned both legal memoranda to Calamco counsel because the memoranda bore "attorney-client privilege" stamps. Calamco represented that it then provided these legal memoranda directly to its Class B Directors. Unlike its production in response to the state court writ[3], Calamco only produced these legal memoranda to its Class B

---

[3] As described in the district court's October 12, 2022 order, in response to the state court writ, Calamco produced its confidential and privileged documents to both its Class B Directors and to Cal Ida without distinguishing between the entities. (10/12/2022

4

Directors. Calamco did not also produce these memoranda to Cal Ida or to Simplot. The fact that Calamco initially produced these legal memoranda to Simplot counsel does not constitute waiver as Simplot's counsel also represented Calamco's Class B Directors. In addition, Calamco's conduct made clear that disclosure of these memoranda was intended to be limited to its Class B Directors because the memoranda were directly provided to its Class B Directors, not to Cal Ida or to Simplot. This is particularly significant given Calamco's prior conduct in response to the state court writ where Calamco disclosed its confidential and privileged documents to both Cal Ida and Calamco's Class B Directors. (*See* 10/12/2022 Order at 12-13.) Though Simplot is correct that Calamco has previously contended that its Class B Directors are adverse to Calamco, in this specific situation, Calamco counsel prepared memoranda for Calamco in advance of Calamco board of directors' meeting. Providing these memoranda to Calamco's Class B Directors does not constitute waiver by Calamco of the attorney-client privilege, but an exercise of its privilege. Further, Calamco counsel's disclosure of these memoranda to counsel for Simplot did not constitute waiver because counsel for Simplot was also counsel for Calamco's Class B Directors.

  2. Calamco's Response to Simplot RFP Nos. 6 and 10

In its response to Simplot RFP Nos. 6 and 10, Calamco asserted the attorney-client and attorney work product privileges. (Att. 1.) The Court also reviews Calamco's privilege log to determine whether Calamco waived either privilege by failing to include the legal memoranda at issue in its privilege log. Calamco included both legal

---

Order at 12-13.) By disclosing its documents to Cal Ida without any protection against Cal Ida's later use, "[i]t is not clear what obligation Cal Ida has to keep Calamco's information in confidence, if any at all." (*Id.* at 15.)

5

memoranda as privileged attorney-client communications and attorney work product in its privilege log.[4] (*See* ECF No. 116.) Therefore, the Court concludes that Calamco asserted both privileges in its response to Simplot RFP Nos. 6 and 10, and preserved both privileges by inclusion of both memoranda and identification of both privileges in Calamco's privilege log.

    3.  <u>Calamco's Response to Simplot RFP Nos. 46 and 47</u>

Simplot separately argues that Calamco waived its attorney-client and attorney work product privileges because Calamco did not assert either privilege in its response to Simplot RFP Nos. 46 and 47. In response to Simplot RFP Nos. 46 and 47, Calamco did not assert either privilege and instead, responded that it "objects to producing a document already produced to Simplot." (Att. 1.) **Critically,** in its response to Simplot RFP Nos. 6 and 10, Calamco did assert the attorney-client and attorney work product privileges, demonstrating that Calamco separately asserted privileges in response to specific RFPs to avoid waiver of the privilege. (Att. 1.)

Calamco argues that its general preliminary objections sufficiently assert attorney-client privilege in its responses to the RFPs. (*See* 5/14/2024 Joint Letter re Discovery Dispute at 2.) Calamco's RFP responses also included a "preliminary statement" section at the beginning of its responses that included the following general objection: "Defendant's discovery may cover the subject matter of documents reflecting the impressions, conclusions, opinions or legal research or theories of CALAMCO's legal counsel and consultants employed to prepare for litigation. To the extent that such information or the identity or substance of such documents is sought generally by

---

[4] The parties produced privilege logs on a mutually agreed upon date. (ECF No. 109.)

6

Defendant, CALAMCO objects thereto on the ground that such information is protected by the work product doctrine, attorney-client, common interest or other privilege." (Att. 1, Calamco Responses to RFP, Prelim. Stmt ¶ 4.) This argument fails because the Ninth Circuit has clearly held that boilerplate objections in RFP responses are insufficient to assert a privilege. *See Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct. for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

      The Court also examined Calamco's privilege log to determine whether Calamco preserved its privileges in response to RFP Nos. 46 and 47. While Calamco included both legal memoranda as privileged attorney-client communications and attorney work product in its privilege log, Calamco did not, however, specify the RFPs to which either document was being withheld. (ECF No. 116.) As a result, the Court cannot determine whether Calamco asserted either privilege in its privilege log in response to RFP Nos. 46 and 47, and it is reasonable to assume that inclusion of the legal memoranda in its privilege log are for the RFPs to which Calamco affirmatively asserted privilege in its RFP responses.

      During the discovery conference, Calamco counsel explained that he was not counsel for Calamco when the legal memoranda were provided to counsel for Simplot and the Class B Directors, and that at the time he prepared Calamco's responses to Simplot's RFPs, he was not aware that the legal memoranda had been returned to Calamco. Rule 26 anticipates that a party may learn that its discovery response is incomplete or inaccurate by requiring such a party to timely supplement its discovery responses to provide additional or corrective information. Fed. R. Civ. P. 26(e). Because fact discovery is still open and based on representations by Calamco's counsel, pursuant

7

to Rule 26(e), the Court exercises its discretion to order Calamco to supplement its responses to Simplot RFP Nos. 46 and 47 to provide additional or corrective information.

This order is limited to addressing the narrow discovery dispute presented to the Court. It does not address whether Simplot may have other grounds for obtaining the two legal memoranda at issue. The Court also did not examine in-camera the two legal memoranda as the RFPs facially requested attorney-client communications, and the issue was not presented as to whether the legal memoranda properly constitute privileged attorney-client communications and/or protected attorney work product.

**ORDER**

Accordingly, the Court DENIES Simplot's request to compel Calamco to produce the two legal memoranda at issue in response to Simplot's RFP Nos. 6, 10, 46, and 47. Within five (5) days of this order, the Court ORDERS Calamco to supplement its responses to Simplot RFP Nos. 46 and 47 to provide additional and/or corrective information as required by Rule 26(e).

Dated: May 28, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE