UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALAMCO,<br><br>　　　　Plaintiff and<br>　　　　Counterclaim Defendant,<br><br>　　v.<br><br>J.R. SIMPLOT COMPANY,<br><br>　　　　Defendant and<br>　　　　Counterclaimant. | Case No. 2:21-cv-01201-KJM-CSK<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT-COUNTERCLAIMANT'S MOTION FOR RECONSIDERATION<br><br>(ECF No. 145) |

Pending before the Court is Defendant and Counterclaimant J.R. Simplot Company's motion to retain confidentiality, which Plaintiff and Counterclaim Defendant Calamco opposes.[1] (ECF No. 145.) For the reasons that follow, the Court GRANTS IN PART AND DENIES IN PART Simplot's motion to retain confidentiality.

**I.    BACKGROUND**

The background as to the pending motion is provided here, and general case background is not repeated as it has been previously provided in prior orders. On February 27, 2023, the Court rejected the parties' first proposed Stipulated Protective Order for failure to identify the specific information sought for protection. (ECF No. 76.)

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

The Court approved the parties' second proposed Stipulated Protective Order on July 18, 2023. (ECF No. 95.) This Stipulated Protective Order set a single "Confidential" tier of protection, and differentiated between "Outside Counsel of Record" and "House Counsel." Stip. Prot. Order ¶¶ 2.2, 2.7, 2.9. Information designated Confidential generally may not be disclosed, but may be disclosed to specific enumerated categories of individuals, including the Receiving Party's Outside Counsel of Record, "the officers, directors, and employees (including House Counsel) of the Receiving Party" to whom disclosure is reasonably necessary for this litigation, experts of the Receiving Party to whom disclosure is reasonably necessary, deponents to whom disclosure is reasonably necessary, the court, court reporters, and other third party vendors. *Id*. ¶¶ 2.2, 7.2. Various individuals are required to sign the "Acknowledgment and Agreement to Be Bound" attached to the Stipulated Protective Order. *Id*. ¶ 7.2.

The parties then submitted an Amended Stipulated Protective Order, which the Court approved on December 3, 2024, with the clarification that it would not retain jurisdiction over this protective order once the case is closed.[2] (ECF No. 129.) The Amended Stipulated Protective Order added a second, heightened tier of protection called "Outside Counsels' Eyes Only" in addition to the existing Confidential tier. *Compare* Am. Stip. Prot. Order ¶¶ 2.10, 7.3 (ECF 129), *with* Stip. Prot. Order (ECF No. 95). Unlike material designated Confidential, material designated Outside Counsels' Eyes Only may not be disclosed to "the officers, directors, and employees (including House Counsel) of the Receiving Party" or disclosed to experts who have within the last ten years been employees or independent contractors of any party, any party's subsidiary, or any party's affiliated company. *See* Am. Stip. Prot. Order ¶¶ 7.2, 7.3. The Amended Stipulated Protective Order continued to differentiate between "Outside Counsel of Record" and "House Counsel." *Id.* ¶¶ 2.7, 2.9. No other material changes

---

[2] The Amended Stipulated Protective Order appears to be based on the United States District Court for the Northern District of California's model protective orders, which are publicly available. *See* U.S. District Court N.D. Cal. Model Protective Orders, *available at* https://cand.uscourts.gov/forms/model-protective-orders/.

were made.

Pursuant to the Amended Stipulated Protective Order, Simplot designated as Outside Counsels' Eyes Only various documents, the deposition transcripts of Simplot's Rule 30(b)(6) witnesses John Schiers and Greg Swanson, and the report of its retained damages expert, Dr. Keith Ugone. Calamco challenged certain of these designations, and Simplot modified its designation of Outside Counsels' Eyes Only to Confidential for one document (SIMPLOT004813) and portions of Dr. Ugone's expert report. As a result of Simplot's Outside Counsels' Eyes Only designation, portions of the report of Calamco's rebuttal damages expert, Dr. Kenneth Serwin, have also been designated Outside Counsels' Eyes Only. The parties were not able to resolve their dispute regarding designations after meeting and conferring.

On March 18, 2025, the parties filed a notice of Simplot's motion to retain confidentiality and a notice of Calamco's cross-motion to compel, which the Court denied because the parties did not file the required Joint Statement re Discovery Disagreement. (ECF Nos. 137, 140.) On April 1, 2025, the district judge denied the parties' stipulated request to extend all case deadlines. (ECF No. 139.)

On May 20, 2025, Simplot filed a motion to retain confidentiality and Calamco filed a cross-motion to compel, with a combined Joint Statement re Discovery Disagreement.[3] (ECF No. 145.) On May 22, 2025, the Court denied the motions as untimely where the last discovery deadline of April 23, 2025 had passed and the district judge denied the parties' stipulated request to extend all case deadlines. (ECF No. 146.) Simplot subsequently moved for reconsideration of the Court's denial of Simplot's motion to retain confidentiality as untimely, which the Court granted on June 12, 2025 and vacated

---

[3] Simplot did not follow this Court's Civil Standing Orders, which sets a twenty (20) page limit for the Joint Statement re Discovery Disagreement. The parties' Joint Statement as to Simplot's motion to retain confidentiality exceeded thirty (30) pages, and the Simplot-only portion was twenty (20) pages long. The Court will exercise its discretion to consider the entire portion of the Joint Statement addressing the motion to retain confidentiality, but Simplot is warned that the Court will not excuse such failures in the future.

the portion of its May 22, 2025 order denying Simplot's motion to retain confidentiality as untimely.[4] (ECF Nos. 149, 150.) On June 23, 2025, Simplot submitted the documents at issue for an in-camera review as ordered by the Court. (ECF No. 155.)

## II. DISCUSSION

The issue presented to the Court is narrow. Calamco concedes that the information at issue is properly designated Confidential under the Amended Stipulated Protective Order: "the [Amended Stipulated Protective Order] specifically contemplates that this type of information can be treated as CONFIDENTIAL." Jt Disco Stmt at 30-31 (citing Am. Stip. Prot. Order ¶ 2.2) (ECF No. 145-1). The issue then is whether the information is properly designated as Outside Counsels' Eyes Only, rather than as Confidential. Information designated Confidential is information "that qualif[ies] for protection under Federal Rule of Civil Procedure 26(c)." Am. Stip. Prot. Order ¶ 2.2. Disclosure of Confidential information is generally restricted, but may be disclosed to in-house and outside counsel; the party's officers, directors, and employees; and other categories enumerated in the Amended Stipulated Protective Order ¶ 7.2. Information designated Outside Counsels' Eyes Only is information "that the Designating Party in good faith believes is highly confidential such that, if disclosed to the Receiving Party, might cause competitive harm to the Designating Party." *Id*. ¶ 2.10. Unlike information designated Confidential, information designated Outside Counsels' Eyes Only may <u>not</u> be disclosed to in-house counsel, or to the party's officers, directors, and employees. *Id*. ¶ 7.3.

Though the parties do not actually dispute that the information at issue is Confidential and warrants protection under the Amended Stipulated Protective Order, in an abundance of caution, the Court proceeds with the two-step analysis described in the legal standards section below.

///

---

[4] Reconsideration of the Court's denial of Calamco's motion to compel as untimely was not sought, and this portion of the May 22, 2025 order remains.

### A. Legal Standards

Pursuant to Federal Rule of Civil Procedure 26, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "The party opposing disclosure has the burden of proving 'good cause,' which requires a showing 'that specific prejudice or harm will result' if the protective order is not granted." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)). The court need not making a finding of good cause before issuing a protective order when the parties stipulate to a protective order, as the parties do here. *See id*. When there is a stipulated protective order, the burden of proof remains with the party seeking protection (here, Simplot). *See id*. (citing *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 n.1 (9th Cir. 2002)).

The court analyzes a motion to retain confidentiality designations pursuant to a stipulated protective order in two steps. First, the court "must determine whether particularized harm will result from disclosure of information to the public." *In re Roman Cath. Archbishop of Portland*, 661 F.3d at 424. Second, "if the court concludes that such harm will result from disclosure of the discovery documents, then it must proceed to balance the public and private interests to decide whether maintaining a protective order is necessary." *Id*. Where both factors weigh in favor of protection, the court must also consider whether redaction will allow disclosure. *Id*. at 425 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136-37 (9th Cir. 2003)). In balancing the interests, courts examine the following factors: "(1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues

5

1  important to the public." *See id*. at 424, 424 n.5 (citing *Glenmede Trust Co. v.*
2  *Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)).

### B.  Analysis

Simplot designated as Outside Counsels' Eyes Only the following: (i) Simplot's supply agreement with third party Helm Fertilizer Corporation; (ii) a spreadsheet compiling UAN32[5] pricing and margin data for fiscal years 2022-2024 (SIMPLOT004814); and (iii) a spreadsheet exported from the "Salesforce platform showing UAN32 sales versus quantities individual customers were contracted to purchase" (SIMPLOT004826).[6] Based on Simplot's Outside Counsels' Eyes Only designation of this information, portions of other documents that contain this designated information have also been designated as Outside Counsels' Eyes Only:  (iv) portions of the deposition transcripts of Simplot Rule 30(b)(6) witnesses Schiers and Swanson pertaining to this information; (v) portions of the report of Simplot's damages expert Dr. Ugone referencing this information; and (vi) portions of the report of Calamco's rebuttal damages expert Dr. Serwin referencing this information. Calamco contends that these documents and information should be re-designated as Confidential, not as Outside Counsels' Eyes Only.

The Court first addresses Calamco's due process argument regarding the Outside Counsels' Eyes Only designations at trial and other trial-related arguments, including how confidentiality designations will be handled at trial. Trial-related issues are not properly before this Court on Simplot's motion to retain confidentiality, which was brought pursuant to the Amended Stipulated Protective Order. Am. Stip. Prot. Order

---

[5]  "UAN32" or "UAN 32" is a fertilizer product using urea ammonium nitrate solution at 32% nitrogen. Jt Disco Stmt at 9-10.

[6]  The parties dispute whether the Outside Counsels' Eyes Only designation of the Salesforce spreadsheet (SIMPLOT004826) is at issue based on the parties' meet and confer efforts. Without determining whether the parties adequately met and conferred as to the Salesforce spreadsheet, which is unclear from the record, the Court will include this spreadsheet in its analysis as the underlying issues and analysis are the same, and doing so promotes the efficient use of judicial resources and also conserves the resources of the parties.

¶ 6.3. The Amended Stipulated Protective Order expressly provides that "[a]ny use of Protected Material at trial shall be governed by a separate agreement or order." Am. Stip. Prot. Order ¶ 3. The use of Protected Material at trial and various other trial-related issues, including whether any material at trial will retain confidentiality designations and public access, will need to be raised at the appropriate time with the judge presiding over the trial. The Court therefore declines to analyze Calamco's due process and other trial-related arguments.

Though the parties do not dispute that the information is Confidential and warrants protection, in an abundance of caution, the Court proceeds with the two-step analysis. As to the first step, the Court finds that Simplot has sufficiently identified a "particularized harm will result from disclosure of information to the public," based on its description of competitive harm from the disclosure of its supply agreement with third party Helm, and UAN32 sales, pricing, and margin data. *See In re Roman Cath*., 661 F.3d at 424. Simplot states that while the fact that Helm supplies Simplot with UAN32 is publicly known, the details of Simplot's agreement with Helm, which includes cost and pricing information, and calculation of Simplot's profit, is not known to Calamco and other competitors in the market. Jt Disco Stmt at 10; Richard Sunderland Decl. ¶¶ 7-10 (ECF No. 145-2). Simplot has sufficiently alleged that this information provides Simplot with a competitive advantage, and disclosing it would harm Simplot. *See* Sunderland Decl. ¶¶ 10, 13, 14. The agreement also includes a confidentiality provision. Jt Disco Stmt at 11; Sunderland Decl. ¶ 11.

The SIMPLOT004814 spreadsheet containing UAN32 sales, pricing, and margin data represent Simplot's compilation of its UAN32 data from fiscal year 2022 through 2024. Jt Disco Stmt at 12; John Schiers Decl. ¶¶ 4-6 (ECF No. 145-3). This data was collected and aggregated on a daily basis over many years by Simplot personnel. Schiers Decl. ¶ 5. This spreadsheet also calculates Simplot's year-over-year gross profit margin from UAN32. Schiers Decl. ¶ 4. The SIMPLOT004826 Salesforce spreadsheet also includes sales data by individual customer. Simplot has sufficiently alleged that this

sales, pricing, and margin information provides Simplot with a competitive advantage, and disclosing it would harm Simplot. *See* Sunderland Decl. ¶¶ 14, 16; Schiers Decl. ¶¶ 5-7. This information is not disclosed outside of Simplot. The Court notes that courts in California have also found compilations of cost and pricing data to be trade secrets. *See Cool Runnings Int'l Inc. v. Gonzalez*, 2021 WL 5331453, at *7 (E.D. Cal. 2021) (collecting cases that the compilation of pricing information is a trade secret and granting plaintiff's motion for a preliminary injunction); *Cutera, Inc. v. Lutronic Aesthetics, Inc.*, 444 F. Supp. 3d 1198, 1206 (E.D. Cal. 2020); *Argo Grp. US, Inc. v. Prof'l Governmental Underwriters, Inc.*, 2013 WL 11327772, at *2 (C.D. Cal. Dec. 6, 2013) ("[I]nformation regarding profit margins, costs, and market research can be protected trade secrets.").

As to the second step, in balancing the public and private interests, the Court finds that the following factors weigh in favor of protection: as described above, disclosure will violate privacy interests of Simplot and as to the Helm agreement, also violate the privacy interests of third party Helm Fertilizer Corporation where the supply agreement is subject to a confidentiality agreement between Helm and Simplot; while disclosure of the information will not cause a party embarrassment, there is a risk of competitive harm to Simplot as discussed above; the information is not important to public health and safety; none of the parties, including Helm, are public entities or officials; and the case does not involves issues important to the public.

The following factor weighs in favor of disclosure: the information is being sought by Calamco for a legitimate purpose in this litigation, though the Court notes Simplot's concern that the information may be used outside this litigation.

The fairness and efficiency factor is neutral as it is unclear whether the sharing of highly confidential information to Calamco executives directly, rather than to their outside counsel and outside experts, will promote fairness and efficiency. The parties' Amended Stipulated Protective Order expressly provides for this. While Calamco raises concerns regarding not being able to share this information with its officers, directors, and employees, limiting certain information to attorney's eyes only is common in high stakes

corporate litigation between competitors and a provision to which Calamco agreed. In addition, Calamco's outside counsel and outside experts were and are able to review this information.

In balancing all the factors, the Court concludes that the private interests in protection outweigh the public interests. The Court expressly notes that the use of protected information at trial is not properly before this Court on Simplot's motion to retain confidentiality.

Because both factors weigh in favor of protection, the Court must also consider whether redaction will allow disclosure. *See In re Roman Cath. Archbishop*, 661 F.3d at 425. Here, Simplot has designated three entire documents as Outside Counsels' Eyes Only: the Simplot-Helm agreement and two spreadsheets (SIMPLOT004814 and SIMPLOT004826). The Court reviewed these documents in camera.

As to the Simplot-Helm agreement, the Court concludes that this document may be partially redacted to permit disclosure of non-highly confidential or confidential information. Some portions are clearly highly confidential (e.g., Attachment A and other provisions related to pricing, margins, and calculations). Other portions, however, are not highly confidential or confidential (e.g., contract terms that appear to be standard terms that are likely not unique to this agreement, etc.). Within seven (7) days of this Order, Simplot's outside counsel is ordered to provide to Calamco's outside counsel a proposed redacted version of the Simplot-Helm agreement and meet and confer with Calamco's outside counsel regarding the proposed redacted version. The Court fully expects outside counsel for Simplot and Calamco to be able to reach an agreement on the partial redaction of the Simplot-Helm agreement.

As to both spreadsheets, the Court concludes that redaction is not possible where they are comprised of sales, pricing, and margin data.

Simplot has already redacted those portions of the deposition transcripts and expert reports that refer to the underlying information. To the extent the redaction and partial disclosure of the Simplot-Helm agreement ordered impacts the redaction of

deposition transcripts and expert reports, Simplot is ordered to promptly provide Calamco's outside counsel with revised redacted versions of the deposition transcripts and expert reports.

### III. CONCLUSION

In conclusion, IT IS HEREBY ORDERED that:

1. Defendant and Counterclaimant J.R. Simplot Company's motion to retain confidentiality (ECF No. 145) is GRANTED IN PART AND DENIED IN PART;

2. Within seven (7) days of this Order, Simplot's outside counsel is ordered to provide a proposed redacted version of the Simplot-Helm agreement and meet and confer with Plaintiff and Counterclaim Defendant Calamco's outside counsel regarding the proposed redacted version; and

3. To the extent the redaction and partial disclosure of the Simplot-Helm agreement ordered impacts the redaction of deposition transcripts and expert reports, Simplot is ordered to promptly provide Calamco's outside counsel with revised redacted versions of the deposition transcripts and expert reports.

Dated:  June 24, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

21.1210.cala/csk